## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

CAROLINE SUE BARNETT,       §
     §
     §    **CIVIL ACTION NO.  6:24-CV-00249-JDK**
    **Plaintiff,**      §
     §
     §
**v.**      §
     §
     §
TRAVIS COUNTY, TEXAS,  CAMERON    §
COUNTY TEXAS,  BEXAR COUNTY,    §
TEXAS, BURLESON COUNTY, TEXAS,    §
MAYOR OF AUSTIN KIRK WATSON,    §
MAYOR OF BROWNSVILLE JOHN
COWEN, MAYOR OF SAN ANTONIO
RON     NIRENBURG,     DISTRICT
ATTORNEY SUSAN DESKI,

    **Defendants.**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff Caroline Sue Barnett's ("Plaintiff") complaint filed on July 15, 2024.  (Doc. No. 2.)  Plaintiff has requested to proceed *in forma pauperis* ("IFP"). (Doc. No. 3.) The court, having reviewed the allegations, finds that it has no basis for federal jurisdiction over the alleged claims because Plaintiff has not pleaded any facts plausibly invoking grounds for the court's jurisdiction.

### DISCUSSION

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal jurisdiction may be established through either federal question jurisdiction or diversity jurisdiction.  28 U.S.C. § 1331–32. Plaintiff has filed her complaint on a form for

negligence and diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff has sued Kirk Watson, Mayor of Austin, Texas, John Cowen, Mayor of Brownsville, Texas, Ron Nirenburg, Mayor of San Antonio, Texas, and Susan Deski, District Attorney of Burleson County, Texas. (Doc. No. 2, at 2.) Though difficult to follow, Plaintiff's allegations appear to be related to alleged ongoing harassment of her family by various county officials through witchcraft and other means. *Id.* Construing these allegations liberally and presuming that Plaintiff has intended to state a claim for negligence and/or other torts based upon these allegations, the court lacks jurisdiction.

Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and that (2) the matter in controversy exceeds $75,000. 28 U.S.C. § 1332.  Here, Plaintiff has alleged that she is a citizen of Texas with her current address listed in Austin, Texas, and each Defendant is also listed as a citizen of Texas. (Doc. No. 2, at 1–2.)  As such, diversity of citizenship is lacking in this case. Moreover, even if diversity of citizenship existed, Plaintiff's complaint does not allege the requisite amount in controversy.

Subject matter jurisdiction may also be established through federal question jurisdiction for civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, however, Plaintiff has not alleged any facts invoking the violation of the U.S. Constitution, federal law, or treaty to which the United States is a party. While Plaintiff cites to two federal statutes, 18 U.S.C. § 242 and 42 U.S.C. § 14141, neither of these statutes provides jurisdiction over Plaintiff's claims. 18 U.S.C. § 242 is a criminal statute that makes it a federal crime punishable by fine or imprisonment to deprive any person of his constitutional rights under color of law. But Section 242 is a criminal statute, which Plaintiff, as a private citizen, is not authorized to enforce. *See Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (holding that § 242 is a criminal statute that does not provide for a private right of action); *Geiger v. Coker*,

No. 6:22CV266, 2022 WL 4820481, at *1 (E.D. Tex. July 19, 2022), *report and recommendation adopted*, No. 6:22-CV-00266, 2022 WL 4668015 (E.D. Tex. Sept. 30, 2022). Similarly, 42 U.S.C. § 14141, which allows a civil action to eliminate a pattern or practice of unconstitutional conduct by governmental entities and their employees, reserves the right to the Attorney General of the United States to bring an action and does not create a private cause of action. *See Chaney*, 590 F. App'x at 330; *see also McCormick v. City of Dallas Police Dep't*, No. 3:18-CV-689-B-BH, 2018 WL 2244700, at *2 (N.D. Tex. Apr. 30, 2018), *report and recommendation adopted*, No. 3:18-CV-689-B-BH, 2018 WL 2230645 (N.D. Tex. May 16, 2018) (concluding that § 14141 does not create a private cause of action by private citizens and dismissing claims). Accordingly, neither of these statutes provide the court jurisdiction over the claims which may be permissibly asserted by Plaintiff as a private citizen. Moreover, while Plaintiff makes numerous allegations regarding the judiciary, including abuse of immunity and general corruption, these allegations, as pleaded, do not raise federal question.

Accordingly, the court lacks jurisdiction over Plaintiff's claims, and this case should be dismissed without prejudice.

## CONCLUSION

For these reasons, the court finds that it does not have subject matter jurisdiction over Plaintiff's claims. As such, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). It is therefore **RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written

objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of July, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE