IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CAROLINE SUE BARNETT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:24-cv-249-JDK-JDL |
| § | |
| TRAVIS COUNTY, TEXAS, et al., § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Caroline Barnett, proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On July 22, 2024, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case without prejudice for lack of subject matter jurisdiction. Docket No. 5. Plaintiff filed objections. Docket No. 6.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In her objections, Plaintiff does not address the court's jurisdiction, but instead

1

reiterates the issues of her homelessness, her incarcerated sister, and other allegations concerning stalking, sexual abuse, and witchcraft. Docket No. 7. These allegations are, at best, difficult to follow and do not rest in any federal claim. Federal question jurisdiction may be established in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But nothing in the record provides a basis for federal question jurisdiction.

Similarly, Plaintiff does not address diversity jurisdiction in her objections. Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and that (2) the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. In her complaint, Plaintiff has alleged that she is a citizen of Texas with her current address listed in Austin, Texas, and each Defendant is also listed as a citizen of Texas. Docket No. 2, at 1–2. Therefore, as pleaded, diversity of citizenship does not exist. Plaintiff has also not alleged the requisite amount in controversy.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 5) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

So **ORDERED** and **SIGNED** this **30th** day of **July, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE